UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Charles Baugh III, ) | Case No. 3:19-cv-1262 |
| ) | |
| Plaintiff, ) | **COMPLAINT AND TRIAL BY JURY** |
| ) | **DEMAND** |
| vs. ) | |
| ) | |
| Medicredit, Inc., ) | |
| ) | |
| Defendant. ) | |

## NATURE OF ACTION

1. Plaintiff Charles Baugh III ("Plaintiff") brings this action against Defendant Medicredit, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467,

at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. "To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. The Act is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (internal quotation marks and citation omitted).

7. "[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

8. "The purpose of the least-sophisticated-consumer standard, here as in other areas of consumer law, is to ensure that the statute protects the gullible as well as the shrewd." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008).

9. "In order to prevail, it is not necessary for a plaintiff to show that he himself was confused by the communication he received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

## PARTIES

10. Plaintiff is a natural person who at all relevant times resided in the State of Connecticut, County of New Haven, and City of Middlebury.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person allegedly obligated to pay a debt.

15. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

16. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

17. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to another.

18. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated April 30, 2019.

19. A true and correct copy of Defendant's April 30, 2019 letter is attached as Exhibit A.

20. Defendant's April 30, 2019 letter was its initial communication to Plaintiff with respect to the Debt.

21. Defendant's April 30, 2019 letter purported to contain the notices required by 15 U.S.C. § 1692g(a)(3)-(5).

22. Defendant's April 30, 2019 letter describes the debt as $564.71 owed to creditor Griffin Hospital-OP/I with "Account #: 23048029." Exhibit A.

23. Despite the letter demanding payment of the Debt, Plaintiff had already resolved the Debt with the creditor on April 23, 2019.

24. Thus, Defendant's April 30, 2019 letter demanded payment of an alleged debt that Plaintiff did not owe.

25. Prior to May 8, 2019, Plaintiff disputed the Debt with Defendant.

26. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated May 8, 2019.

27.     A true and correct copy of Defendant's May 8, 2019 letter is attached as Exhibit B.

28.     Defendant's May 8, 2019 letter describes the debt as $564.71 owed to creditor Griffin Hospital-OP/I with "Account #: 7536469." Exhibit B.

29.     Upon information and belief, Defendant's May 8, 2019 letter is attempting to collect the same debt as its April 30, 2019 letter.

30.     By changing account numbers, the least sophisticated consumer could believe Defendant was attempting to collect on a different debt than the one identified in its April 30, 2019 letter.

31.     Defendant's May 8, 2019 letter threatens: "Please be aware that if the additional information is not provided in a timely matter, you may be held responsible for the full balance due." Exhibit B.

32.     Defendant's May 8, 2019 letter also included a tear off portion with instruction for how to pay via credit card: "If you wish to make your payment via credit card, please complete the information below and return in the enclosed envelope." Exhibit B.

33.     Thus, Defendant's May 8, 2019 letter again demanded payment of an alleged debt that Plaintiff did not owe.

34.     Under a section titled "[i]f you are a **CONNECTICUT** Resident:," Defendant's April 30, 2019 letter again purported to contain the notices required by 15 U.S.C. § 1692g(a)(3)-(5). Exhibit B.

35. By again including the notices with the May 8, 2019 letter, Defendant's May 8, 2019 letter overshadows the notices in its April 30, 2019 letter.

36. The least sophisticated consumer, upon receiving Defendant's May 8, 2019 letter, would not know whether he has thirty days from receiving Defendant's April 30, 2019 letter or from receiving Defendant's May 8, 2019 letter to dispute the validity of the Debt.

37. Therefore, by including the notices within its May 8, 2019 letter, Defendant used false, deceptive, or misleading representation or means in connection with the collection of any debt.

38. On July 17, 2019, counsel for Plaintiff sent Defendant written correspondence, including a draft complaint alleging violations of the FDCPA, notifying Defendant of Plaintiff's representation by counsel.

39. Upon information and belief, Defendant received the July 17, 2019 communication prior to August 2, 2019.

40. In connection with the collection of the Debt, Defendant telephoned Plaintiff on August 2, 2019 and left a voicemail message.

41. Defendant did not have the prior consent of Plaintiff, his counsel, or a court of competent jurisdiction to contact him directly on August 2, 2019.

42. Plaintiff's counsel did not fail to respond within a reasonable period of time to a communication from the debt collector prior to the August 2, 2019 voicemail.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

43. Plaintiff repeats and re-alleges each and every factual allegation above.

44. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly when it knew or should have known that Plaintiff was represented by counsel with respect to the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e

45. Plaintiff repeats and re-alleges each and every factual allegation above.

46. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will

enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

47. "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Federal Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 512 (6th Cir. 2007) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)).

48. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

49. Plaintiff repeats and re-alleges each and every factual allegation above.

50. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

51. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

52. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f

53. Plaintiff repeats and re-alleges each and every factual allegation above.

54. The FDCPA forbids the use of unfair or unconscionable means to collect, or attempt to collect, a debt.  15 U.S.C. § 1692f.

55. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

56. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692g(b)**

57.     Plaintiff repeats and re-alleges each and every factual allegation above.

58.     To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. § 1692g(b).

59.     If a consumer requests validation, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification" and mails such verification to the consumer. 15 U.S.C. § 1692g(b).

60.     "More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013).

61.     The notice of a consumer's rights under § 1692g may be "overshadowed" by language within the validation letter itself.  *See Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

62.     Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

63. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 13, 2019

    Respectfully submitted,

    /s/ Rosanne C. Leavitt
    Rosanne C. Leavitt (CT306564)
    19 Wamsutta Drive
    North Attleboro, MA 02760
    Telephone: (508) 400-2823
    Facsimile: (866) 317-2674
    RLeavitt@ThompsonConsumerLaw.com

    Co-counsel with Thompson Consumer Law Group, PC

    Correspondence address:
    5235 E. Southern Ave. D106-618
    Mesa, AZ 85206